CSD 1300 [12/01/17]

**United States Bankruptcy Court**
**SOUTHERN DISTRICT OF CALIFORNIA**

Debtor(s): Michael Gammond                                  Case Number: _____

☐   Check if this is an amended plan, and list below
    the sections of the plan that have been changed.

_____

**Mandatory Chapter 13 Plan**
**Dated:** February 15, 2021

### Part 1: Notices

**To All Parties in Interest:**

   **The court has provided guidelines for use of this form that can be found in CSD 1300A.**

   **This plan does not provide for avoidance of a lien which impairs an exemption. This must be sought by separate motion.**

**To Debtors:**

   **In some places this form provides you with options. You should carefully consider whether you need to elect among the options. If you do, you should carefully consider which option is appropriate.**

   *In the following notice to creditors, you must check each box that applies.*

**To Creditors:**
   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

   You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

   If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation in accordance with Southern District of California Local Bankruptcy Rule 3015-5 within 7 days after the filing of the Notice of Meeting of Creditors Held and Concluded. Untimely objections may not be considered. Any such objections must be noticed for hearing at least 28 days after filing the objection. The Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015(f). In addition, you may need to file a timely proof of claim in order to be paid under any plan.

   The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | |
|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included ■ Non included |
| 1.2 | Nonstandard provisions, set out in Part 9 | ☐ Included ■ Not included |

### Part 2: Plan Payments and Length of Plan

**2.1 Regular payments**

Debtor(s) will make regular payments to the trustee as follows:
   *Complete one.*
$_____ per _____ for 36 months (Applicable commitment period for below median debtor(s))

$300.00 per month for 60 months (Applicable commitment period for above median debtor(s))

$_____ per _____ for _____ months (Despite applicable commitment period of 36 months, debtor(s) seek additional time to cure secured or priority arrearage or to make necessary payments to meet the liquidation test specified in § 5.2.2.)

**2.2 Irregular payments.**

Debtor(s) will change the payment amount at different time periods as follows:

| $ | per | from | to |
|---|---|---|---|
|   |   |   |   |

*Insert additional payments as needed.*

**2.3 Manner of payments.**

Regular payments must be made directly to the trustee from future earnings unless the court issues an earnings withholding order. Any other manner of payment must be specified by checking the box below.

☐   Other (specify method of payment): _____ .

**2.4 Income tax issues.**
   *Check all that apply.*
   ☐   Debtor(s) will retain any federal or state tax refunds received during the plan term.

   ☐   Debtor(s) will supply the trustee with a copy of each federal and state tax return filed during the plan term within 14 days of filing the return.

   ☐   Debtor(s) will turn over to the trustee all federal and state income tax refunds, other than earned income or child care tax credits, received during the plan term.

   ☐   Debtor(s) will supply the trustee with federal and state tax returns filed during the plan term and will turn over to the trustee a portion of any federal and state income tax refunds received during the plan term as specified below.

**Debtor(s) must not change their withholding exemptions during the plan term unless there is an appropriate change in circumstances and will timely pay all post-confirmation tax liabilities directly to the appropriate taxing authority as they become due.**

**2.5 Additional payments.**
   *Check one. If neither box is checked, "None" applies.*
   ■   **None.** *If "None" is checked, the rest of § 2.5 need not be completed or reproduced.*

**2.6 The total amount of estimated payments to the trustee provided for in §§ 2.1 through 2.5 is** $18,000.00 .

Part 3:   **Treatment of Secured Claims**

**3.1 Maintenance of payments and cure of any default.**

*Check one. If neither box is checked, "None" applies.*
   ■   **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security and claim modification.**

**To determine the proper valuation of real estate secured claims, the debtor(s) must timely file a motion in accordance with Local Bankruptcy Rule 3015-8 in addition to including the creditor in this section of the plan. No such motion is necessary for valuation determinations for personal property secured claims.**

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan unless the claim is entitled to priority status, in which case it will be provided in Part 4. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien until the earlier of the following events as applicable to the particular secured creditor: 1) payment of the underlying debt determined under nonbankruptcy law; 2) discharge under 11 U.S.C. § 1328, or 3) completion of payments under the plan if the debtors(s) are not entitled to a discharge. After the date applicable to termination of the lien, it will be released by the creditor unless the claim is a nondischargeable claim owed to a governmental entity. See Local Bankruptcy Rule 3015-8.

*Check one. If neither box is checked, "None" applies.*
   ■   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one. If neither box is checked, "None" applies.*
   ■   **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Surrender of collateral to secured creditors.**

*Check one. If neither box is checked, "None" applies.*
   ■   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Intentional exclusion of claim from treatment under the plan.**

*Secured and partially secured creditors who received proper notice but who do not timely file a proof of claim, and who are not provided for elsewhere in the plan, will be considered excluded creditors and treated in this section.*

*Check one. If neither box is checked, "None" applies.*
   ■   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | **Treatment of Priority Claims** |

**4.1 Treatment of priority claims.**

All allowed priority claims other than those treated in §§ 4.5 and 4.6 of the plan will be paid in full without interest.

**4.2 Interest exception.**

If the plan provides interest to unsecured nonpriority creditors, that same rate of interest will be paid to all creditors for which interest is not otherwise specifically provided under this plan.

**4.3 Trustee's fees.**

The trustee will receive a fee, the percentage of which is set by the United States Trustee in accordance with applicable law. Trustee's fees are estimated to be 10.00% of plan payments; and during the plan term, they are estimated to total $1,800.00.

**4.4 Adequate protection payments.**

The trustee will make pre-confirmation adequate protection payments to secured creditor, identified in General Order 175-F, from plan payments received from the debtor(s), as this order may be amended from time to time.

**4.5 Domestic support obligations.**

*Check one. If neither box is checked, "None" applies.*
- ■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6 Assigned domestic support obligations.**

Even if a domestic support obligation claim is not listed here, debtor(s) must nevertheless pay it in full to receive a discharge.

*Insert additional claims as needed.*

**4.7 Attorney's fees**

The total amount of attorney's fees to be paid under the plan is estimated to be $3,463.00. The balance of the fees awarded by court order to professionals for debtor(s) under 11 U.S.C. § 330 will be paid as follows:

*Check one.*

- ☐ on a *priority* basis before other priority claims other than trustee's fees and adequate protection payments.
- ☐ in installment payments of $_____ .

**4.8 Other priority claims and secured portion of federal and state tax claims.**

All priority claims identified in 11 U.S.C. § 507, including unsecured priority tax claims, are included in this section of the plan. The secured portion of a federal or state tax claim is also included in this section unless specifically provided for elsewhere in this plan.

*Check one. If neither box is checked, "None" applies.*
- ☐ **None**. *If "None" is checked, the rest of § 4.8 need not be completed or reproduced.*
- ■ The debtor(s) estimate the total amount of priority and secured tax claims to be paid under this section of the the plan to be $ 12,737.00. This sum is a total of all of the payments listed below to be paid in accordance with this section. Priority claim payments are owed to the following creditors in the following amounts:

*Check all that apply.*

| | | |
|---|---|---|
| ☐ | Internal Revenue Service in the estimated amount of | $_____ |
| ☐ | Franchise Tax Board in the estimated amount of | $_____ |
| ☐ | California Department of Tax and Fee Administration in the estimated amount of | $_____ |
| ☐ | Employment Development Department in the estimated amount of | $_____ |
| ☐ | County Property Tax Assessor (not real property taxes) in the | $_____ |

| | | |
|---|---|---|
| | estimated amount of | _____ |
| ■ | Other in the estimated amount of | $12,737.00 |

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 General.**

Nonpriority unsecured claims will be paid to the extent allowed as specified in this Part.

**5.2 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified in this plan will be paid, pro rata, all funds remaining after payment of all other creditors provided under the plan. Payments to unsecured creditors will be allowed to the extent paid if an allowed amended, late filed, or late added claim reduces the amount available to unsecured creditors under this section.

**5.2.1 Projected payment to nonpriority unsecured creditors.**

Based upon the total payments to the trustee listed in § 2.6 of the plan, minus the payments under the plan on the claims scheduled by the debtor(s) that are provided for in §§ 3.1 through 3.3, Part 4, §§ 5.3 through 5.5, and Part 6 of the plan, the estimated payment to allowed nonpriority unsecured claims not separately classified under the plan is $0.00. This amount will be shared on a pro-rata basis on these claims. This amount will not be reduced by claims arising under 11 U.S.C. § 1305 and §§ 507(a)(1)(A) and (B) that are not fully addressed in the plan, but may otherwise increase or decrease.

**5.2.2 Required payment to nonpriority unsecured creditors under the liquidation test.**

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00. The total of the payments on allowed nonpriority unsecured claims will be made in at least this amount, and debtor(s) will be required to make payments in addition to those specified in Part 2 to prevent the plan from going into default.

**5.3 Interest on allowed nonpriority unsecured claims not separately classified.**

   *Check one. If neither box is checked, "None" applies.*

   ■    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4 Non-filing co-debtor claim treatment for maintenance of payments and cure of any default on nonpriority unsecured claims.**

   *Check one. If neither box is checked, "None" applies.*

   ■    **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5 Other separately classified nonpriority unsecured claims.**

   *Check one. If neither box is checked, "None" applies.*

   ■    **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

   *Check one. If neither box is checked, "None" applies.*

| CSD 1300 (12/01/17) | **Debtor(s)** Michael Gammond | **Case number** |
|---|---|---|

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Order of Distribution of Trustee Payments

Trustee will have discretion to determine the order of distribution within the requirements of applicable law and whether to reserve payment to claims that are subject to a pending objection.

### Part 8: Vesting of Property of the Estate

Property of the estate will not revest in the debtor(s) until a Chapter 13 discharge is granted or the case is dismissed or closed without a Chapter 13 discharge. Before then, the debtor(s) must seek approval of the court to purchase, sell, or refinance property of a material value, or to enter into loan modifications. Revestment will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law.

### Part 9: Nonstandard Plan Provisions

Check "None" or List Nonstandard Plan Provisions

■ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

### Part 10: Signatures

**Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s)' signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

/s/ Gregory T Highnote   Date  February 15, 2021
Gregory T Highnote
Signature of Attorney for Debtor(s)

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in CSD 1300, other than any nonstandard provisions included in Part 9.

United States Bankruptcy Court
Southern District of California

In re:  Case No. 21-00536-CL
Michael Gammond  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0974-3      User: Admin.      Page 1 of 2
Date Rcvd: Feb 16, 2021      Form ID: pdf913      Total Noticed: 17

The following symbols are used throughout this certificate:
**Symbol**      **Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++      Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

##      Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 18, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Michael Gammond, 3043 Helix St., Spring Valley, CA 91977-2731 |
| 14842303 | + | Allianceone Receivable, 6565 Kimball Dr, Gig Harbor, WA 98335-1200 |
| 14842304 | ++ | CORTRUST BANK, PO BOX 7030, MITCHELL SD 57301-7030 address filed with court:, CorTrust Bank, Attn: Bankruptcy, 100 E Havens Ave, Mitchell, SD 57301 |
| 14842308 | + | Ellner Bariatric, Inc., 5555 Reservoir Drive, Ste. 203, San Diego, CA 92120-5115 |
| 14842310 | + | First Premier Bank, Attn: Bankruptcy, Po Box 5524, Sioux Falls, SD 57117-5524 |
| 14842312 | | Franchise Tax Board, Personal Bankruptcy MS A340, Sacramento, CA 95812-2952 |
| 14842314 | + | Midland Fund, Attn: Bankruptcy, 350 Camino De La Reine Ste 100, San Diego, CA 92108-3007 |
| 14842315 | + | Progressive Mgmt Syste, 1521 W Cameron Ave Fl 1, West Covina, CA 91790-2738 |
| 14842316 | + | Provident Credit Union, 303 Twin Dolphin Dr, Redwood City, CA 94065-1419 |
| 14842318 | + | Sam Varon,CPA, Katz&Varon (Public Accountant), 1055 W 7 th Stree, Suite 1750, Los Angeles, CA 90017-2675 |
| 14842319 | + | Tek-Collect Inc, 871 Park St, Columbus, OH 43215-1441 |

TOTAL: 11

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 14842305 | | Email/Text: bankruptcy@credcontrol.com | Feb 17 2021 04:35:00 | Credit Control Corp, 11821 Rock Landing Dr, Newport News, VA 23606 |
| 14842307 | + | Email/Text: bankruptcynotices@dcicollect.com | Feb 17 2021 04:36:00 | Diversified Consultant, 10550 Deerwood Park Blvd, Jacksonville, FL 32256-0596 |
| 14842309 | + | Email/Text: bknotice@ercbpo.com | Feb 17 2021 04:36:00 | Enhancrcvrco, Po Box 57547, Jacksonville, FL 32241-7547 |
| 14842311 | + | Email/Text: bankruptcy@flagshipcredit.com | Feb 17 2021 04:36:00 | Flagship Credit Acceptance, Attn: Bankruptcy, Po Box 965, Chadds Ford, PA 19317-0643 |
| 14842313 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Feb 17 2021 04:35:00 | Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346 |
| 14842317 | + | Email/Text: bk@rgsfinancial.com | Feb 17 2021 04:35:00 | Rgs Financial, Attn: Bankruptcy, Po Box 852039, Richardson, TX 75085-2039 |

TOTAL: 6

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 14842302 | ##+ | Allianceone, Po Box 2449, Gig Harbor, WA 98335-4449 |
| 14842306 | ##+ | creditors specialty se, PO Box 764, Acton, CA 93510-0764 |

District/off: 0974-3 User: Admin. Page 2 of 2
Date Rcvd: Feb 16, 2021 Form ID: pdf913 Total Noticed: 17
TOTAL: 0 Undeliverable, 0 Duplicate, 2 Out of date forwarding address

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 18, 2021  Signature:  /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 15, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Gregory Highnote | on behalf of Debtor Michael Gammond Greg@BankruptcySD.com |
| United States Trustee | ustp.region15@usdoj.gov |

TOTAL: 2